```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,         : 17-CR-475 (WFK)
                                  :
         Plaintiff,               :
                                  : United States Courthouse
       -against-                  : Brooklyn, New York
                                  :
                                  :
DILSHOD KHUSANOV,                 :
                                  : Friday, January 5, 2018
         Defendant.               : 2:00 p.m.
- - - - - - - - - - - - - - - - -X


      TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
         BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
                UNITED STATES DISTRICT JUDGE


                     A P P E A R A N C E S:

For the Government:        BRIDGET ROHDE, ESQ.
                           Acting United States Attorney
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201
                        BY: ALEXANDER SOLOMON, ESQ.
                            Assistant United States Attorney

For the Defendant:         LAW OFFICES OF LEVITT & KAISER
                           40 Fulton Street
                           23rd Floor
                           New York, New York 10038
                        BY: RICHARD W. LEVITT, ESQ.




Court Reporter:     DAVID R. ROY, RPR
                    225 Cadman Plaza East
                    Brooklyn, New York 11201
                    drroyofcr@gmail.com

Proceedings recorded by Stenographic machine shorthand,
transcript produced by Computer-Assisted Transcription.
```

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*

1           (In open court.)

2           THE COURTROOM DEPUTY:  Criminal cause for status

3  conference, Docket Number 17-CR-475, United States versus

4  Khusanov.

5           Counsel, will you please state your appearances

6  for the record.  Spell your first and last names for the

7  court reporter.

8           MR. SOLOMON:  Good afternoon, Your Honor.  Alex

9  Solomon, A-L-E-X, S-O-L-O-M-O-N, for the Government.

10          THE COURT:  Good afternoon, Mr. Solomon.  Please

11 be seated and remain seated for the balance of the

12 conference.

13          MR. LEVITT:  For Mr. Khusanov, Richard Levitt,

14 R-I-C-H-A-R-D, L-E-V-I-T-T.  Good afternoon, Your Honor.

15          THE COURT:  Good afternoon, Counsel.  Please be

16 seated and remain seated for the balance of the conference.

17          This was to have been a status conference in this

18 action scheduled for 11:00 a.m. today.  I understand that

19 the defendant who was transferred to this district from the

20 Northern District of Illinois where he had been arrested on

21 August 31st of 2017.  I also understand that the defendant

22 is still in custody, but I understand that he was not here

23 this morning as scheduled at 11:00 a.m., and I will hear

24 from the parties as to why that is or what it was and how we

25 should proceed.

1       So I will hear from you first, Mr. Solomon.

2       MR. SOLOMON: Yes. Yes, Your Honor, it was my

3  responsibility. We neglected to make the proper

4  notification to the marshals, that is why he was not

5  produced. I apologize to the Court and I apologize to

6  Mr. Levitt. It will not happen again.

7       We have discussed with the courtroom deputy

8  proceeding forward, Monday at 11:30. I understand that time

9  works for Mr. Levitt, and that is how we would propose to

10 proceed.

11      THE COURT: Okay. And that was an application

12 that you made pursuant to 475; is that right?

13      MR. SOLOMON: Correct, Your Honor.

14      THE COURT: Okay. I will hear from defense

15 counsel, and then we ought to make sure that we can exclude

16 time in the interest of justice even though the defendant is

17 not present. If that is acceptable to both sides and if

18 defense counsel is comfortable signing off on that proposed

19 order.

20      So I will hear from defense counsel on this.

21      MR. LEVITT: Yes, that is all fine, Your Honor.

22      I have one other matter to raise, either now

23 or later.

24      THE COURT: You can raise it now. Just use the

25 microphone --

1        MR. LEVITT:  Sure.

2        THE COURT:  -- throughout the conference.  You are
3   a good taxpayer.  You paid for it, and we have a wonderful
4   system, so go right ahead, sir.

5        MR. LEVITT:  Okay.  We had also filed a bail
6   application, Your Honor.  I am not sure whether you --

7        THE COURT:  I have read it.

8        MR. LEVITT:  Okay.

9        THE COURT:  I have considered it.  I have no life.
10  I was here all last week during the storm.  That is who I am
11  and what I do.

12       Go ahead.

13       MR. LEVITT:  Fair enough.

14       We would like to address the bail application, if
15  it is convenient to the Court, on Monday.  We do not intend
16  to have the sureties here because they are in Illinois, but
17  at least to determine whether or not in principal, the Court
18  would or would not admit Mr. Khusanov the bail.  If it
19  would, then obviously, we can make all the suretors
20  available.

21       THE COURT:  All right.  Well, without responding
22  to that particular point, I am going to ask Mr. Solomon if
23  he has an initial response, first of all, with respect to
24  excluding time.  Are you comfortable having counsel sign off
25  on that?

1     MR. SOLOMON:  I believe it would be permissible
2 given that that is an outstanding defense motion under the
3 rule that we could exclude time from now until Monday.
4     THE COURT:  All right.  On the basis of that, I
5 will exclude time in the interest of justice.
6     And secondly, with respect to the question of bail
7 modification, obviously, the sureties can address the
8 question of money.  But I am going to ask you, Mr. Solomon,
9 and I will ask defense counsel as well, is there anything
10 different on the issue of security given the nature of the
11 charges that this defendant has been indicted on by probable
12 cause standard by a grand jury; do you have a change of view
13 of the Government with respect to his dangerousness or risk
14 of flight?
15     MR. SOLOMON:  We do not, Your Honor.  We have
16 outlined our views as to why this defendant should be
17 detained pretrial on the letter that was filed on ECF.  We
18 can provide that to the Court if the Court wishes to see it.
19     THE COURT:  Okay.  Well, I am going to ask whether
20 there has been any change since -- have you filed something
21 since you received the letter from defense counsel?
22     MR. SOLOMON:  We have not.  We can prepare
23 something over the weekend.  We have had a chance to follow
24 up a little bit on the proposed sureties, and we have issues
25 with a number of them.  We can address that in a

1 supplemental letter.

2 THE COURT: All right. I had a sense that you
3 might. And because, as I said, although I have no life, I
4 do occasionally miss supplemental filings, but I kept an eye
5 out for a filing in response to the defense's very well
6 written and very extensive letter, and I didn't see one. So
7 I just wanted to make sure that it was not, as we say in the
8 hood, my bad in not seeing it. But it was, perhaps, your
9 bad or, perhaps, your neutral in not yet submitting it. So
10 why don't I suggest that we do this: If we are going to
11 address this on Monday, I would appreciate your filing the
12 response on behalf of the Government to the defendant's
13 communication and serving it on them by ECF, and that way
14 the defense will have an opportunity to see your thinking
15 with respect to it as well as the Court.

16 MR. SOLOMON: Sure.

17 THE COURT: And we will have a discussion about
18 that on Monday.

19 Defense counsel, I cannot advise you of one way or
20 the other with respect for the sureties not having seen the
21 Government's response, but hearing that they do have a
22 response and continue their objections, so if the sureties
23 are here and they wish to testify and wish to state their
24 positions, they will be here in a position to do it,
25 obviously subject to being examined by prosecution and by

1 the Court. On the other hand if they are not here, I
2 suspect you will hear from the prosecution, Well, they are
3 not here, and if they are not here, I can't examine them.
4 So, as I say, You get the big bucks as defense counsel, you
5 have got to decide whether it makes sense to have them come
6 or not come. But at least I have extracted from the
7 Government their position, that they have not modified their
8 view, and indeed, they are going to, perhaps, amplify it.
9       So with that bit of guidance, is there anything
10 you want to tell the Court, or should we just get together
11 on Monday at 11:30, and either the sureties are here or they
12 are not here?
13       MR. LEVITT: The only thing I would ask,
14 Your Honor, is that the Government provide us a letter with
15 enough time prior to the court appearance so that I can at
16 least be in touch with suretors who, again, are in the
17 Northern District of Illinois.
18       THE COURT: Oh, but there are so many flights from
19 Illinois and New York and weather is never a problem, and I
20 get that.
21       No, here is the deal: If you think that it makes
22 sense to have them here, you should have them here. If you
23 think that you need more time to evaluate the letters since
24 it is, if memory serves, still Friday and we are talking
25 about having them -- having the hearing on the status

1  conference on Monday at 11:30, what can I tell you?
2          MR. LEVITT:  No, I understand.  I know the ball's
3  in my court here, and I think that what I might do,
4  depending upon when I get the letter and the issue --
5          THE COURT:  Well, let's stop right there.
6          Can you advise defense counsel as to when you will
7  file the letter on ECF?
8          MR. SOLOMON:  If we file it by tomorrow evening?
9          THE COURT:  That would be Saturday night; is that
10 correct?
11         MR. SOLOMON:  Yes.
12         THE COURT:  Okay.  So tomorrow evening.  That
13 gives you something on Saturday night.  And then I guess you
14 could look at it Saturday night and Sunday, and then people
15 have to be here Monday at 11:30 if they are going to come.
16 Do you feel that it would be appropriate to seek more time
17 to schedule the status conference and exclude time in the
18 interest of justice to a later date, or should we just bull
19 ahead and you will make your decision with respect to
20 whether or not the sureties are here on Monday at 11:30?
21         What do you think, Counsel?
22         MR. LEVITT:  One of the applications I might be
23 inclined to make to the Court, and let me just kind of
24 telegraph this so the Court would know because I have done
25 it in other cases, is rather than require all the sureties,

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*

1 and I think we have six or seven of them, to come in, which
2 is an expensive thing for them, they have to miss work, they
3 have to have, you know, a flight, a round-trip flight at the
4 last minute which is also more expensive, what we have done
5 in the past is have them appear in court in the
6 Northern District of Illinois --
7       THE COURT: That won't fly with this judge.
8       MR. LEVITT: Can I ask another, Judge?
9       THE COURT: No.
10       MR. LEVITT: I understand. I figured that would
11 be the answer.
12       THE COURT: It is the Hotel California, you can
13 check out anytime you want, but you can never leave. No,
14 that is not an option.
15       MR. LEVITT: Okay. Then probably what I would
16 suggest is that we do defer the appearance to, perhaps,
17 towards the end of the week so that I can get the
18 Government's letter. I can speak with the sureties. I can
19 see whether or not they can come to New York, and --
20       THE COURT: Well, I could make it easy and say
21 they have to come to New York, if that would obviate your
22 problem?
23       MR. LEVITT: Well, I don't -- you know, because we
24 obviously have a friendly relationship with the sureties, I
25 don't want to impose court orders on them if that --

1  THE COURT: No. I would be the one imposing the
2  court order.
3  MR. LEVITT: Right, no, I understand that, but I
4  would be the one explaining it.
5  So if I could, then I would suggest that we have
6  the appearance later in the week and that would give me the
7  opportunity to speak with the sureties, address whatever
8  concerns the Government expresses in its letter, and then
9  determine which sureties should be here on behalf of
10 Mr. Khusanov.
11 THE COURT: All right. Is that acceptable to the
12 Government?
13 MR. SOLOMON: It is. Notably, Your Honor, I will
14 be out of town on business at the end of the week, but there
15 are three other prosecutors in this case and --
16 THE COURT: Oh, no, I want to do it when you can
17 be here, sir, because I just think that continuity is a
18 great thing. So should we look to the following week? Does
19 that work for you, or are you going to be away for more than
20 the end of next week?
21 MR. SOLOMON: So I am out next Thursday and the
22 following week. It's a different --
23 THE COURT: The entire following week?
24 MR. SOLOMON: The entire.
25 THE COURT: All right. Well, then why don't we

1  say, how does Wednesday look for both counsel?
2              MR. SOLOMON:  That is fine for this counsel.
3              THE COURT:  Let me hear from defense counsel.  Is
4  that enough time to get the letter tomorrow -- shall we say
5  by 5:00 p.m. New York time --
6              MR. SOLOMON:  That's fine, Your Honor.  Thank you.
7              THE COURT:  -- 5:00 p.m. New York time on ECF?
8              And then we will set the adjourned status
9  conference for Wednesday.  Does that work for you?
10             MR. LEVITT:  Yes, it does, Your Honor.
11             THE COURT:  Okay.  What time should we set it for
12 on Wednesday knowing that perhaps the sureties will be here,
13 perhaps they won't, but at least they will know what they
14 are shooting for in terms of time?
15             MR. LEVITT:  May I suggest 2:00 o'clock,
16 Your Honor?
17             THE COURT:  2:00 o'clock.  Does that work,
18 Mr. Jackson?
19             MR. SOLOMON:  That's fine, Your Honor.  Thank you.
20             THE COURTROOM DEPUTY:  Yes, Judge.
21             MR. SOLOMON:  I'm sorry.  I heard --
22             THE COURT:  That's all right.  I just want to make
23 sure with Mr. Jackson that we have time and availability.
24             And now, Mr. Solomon, does that work for you?
25             MR. SOLOMON:  Yes, Your Honor.

1     THE COURT:  All right.  Well, then we have peace
2  in our time.  2:00 o'clock on Wednesday.
3     Mr. Jackson will now give you the form excluding
4  time in the interest of justice and ask counsel to sign off
5  and sign off on behalf of the defendant as well in light of
6  the discussion we just had.
7     (Pause in proceedings.)
8     THE COURT:  And defense counsel, if you would also
9  sign on the line for the defendant, it indicates that you
10 are signing on his behalf?  I would appreciate that --
11    MR. LEVITT:  Yes, Your Honor.
12    THE COURT:  -- if that is appropriate.
13    (Pause in proceedings.)
14    THE COURTROOM DEPUTY:  Thank you.
15    The order is signed, Judge.
16    THE COURT:  Thank you.
17    I have what has been marked as Court Exhibit 1 for
18 identification, the Waiver of Speedy Trial and Order of
19 Excludable Delay excluding time in the interest of justice
20 from today's date, January 5th of 2018 to and including
21 January 10th of 2018.  It has been signed by the
22 prosecution, by defense counsel, and on behalf of the
23 defendant by defense counsel.
24    I am signing it.  And may I have a motion to have
25 Court's 1 admitted into evidence, please.

1       MR. SOLOMON:  The Government so moves, Your Honor.
2       THE COURT:  Any objection?
3       MR. LEVITT:  No, Your Honor.
4       THE COURT:  Thank you.  It's admit.
5       (Court's Exhibit Number 1 so marked and received
6  in evidence.)
7       THE COURT:  One other thing, I understand from my
8  courtroom deputy that perhaps we may be able going forward
9  to dispense with the Uzbek interpreter in this case.  But I
10 would respectfully suggest that perhaps that is such of
11 significance that we have any representation with respect to
12 that both in the interest of the Court and of the Government
13 and of the defendant on the record with an Uzbek interpreter
14 present at the next session, so that if, in fact, we can
15 dispense of the Uzbek interpreter, we do that on the record
16 where the defendant acknowledges that there is no need to
17 have a Uzbek interpreter.
18      Is that an acceptable way to proceed?  I am just
19 reluctant to do it without the presence of the defendant.
20      MR. LEVITT:  That is acceptable to us, Your Honor.
21      MR. SOLOMON:  And to the Government?
22      THE COURT:  Okay.  That is fine.
23      So, Mr. Jackson, you will arrange to have the
24 Uzbek interpreter here for the next status conference?
25      THE COURTROOM DEPUTY:  Absolutely.

1       THE COURT:  Okay.  Thank you.
2       All right.  Admitted into evidence is
3  Court Exhibit 1 without objection.
4       Is there anything else that we need to address
5  today.
6       MR. SOLOMON:  Nothing further from the Government,
7  Your Honor.
8       THE COURT:  All right.
9       MR. SOLOMON:  Thank you.
10      MR. LEVITT:  No, Your Honor.
11      THE COURT:  Thank you.  We are adjourned and stay
12  warm and Happy New Year, gentlemen.
13      (Matter adjourned.)
14                        -ooOoo-
15
16                        I N D E X
17                      E X H I B I T S
18      Court's                                   Page 13
19
20
21  *I (we) certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*
22
23      */s/ David R. Roy*            *January 29, 2018*
        *DAVID R. ROY*                     *Date*
24
25

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*