# LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
23RD FLOOR
NEW YORK, NEW YORK 10038-5077
www.LevittandKaizer.com

RICHARD WARE LEVITT*
rlevitt@landklaw.com
NICHOLAS G. KAIZER*
nkaizer@landklaw.com

EMILY GOLUB
  of counsel
emilygolublaw@gmail.com

* ADMITTED IN N.Y., FLA., AND D.C.

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

July 3, 2018

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                              Re:     **USA v. Khusanov, 17-CR-00475(WFK)**

Dear Judge Kuntz:

       On behalf of my client, Dilshod Khusanov, I respectfully object to those parts of the government's proposed Protective Order that (1) forbid Mr. Khusanov from reviewing any and all documents, audio recordings and other evidence marked "classified" by the government; and (2) forbid counsel from discussing the content of any such document with Mr. Khusanov. Proposed Protective Order ¶ 11(f). These prohibitions, not sufficiently mitigated by ¶ 16 of the proposed Order,[1] will effectively preclude Mr. Khusanov from assisting counsel in his defense and will cripple my ability to provide him effective assistance of counsel. Additionally, from my experience it is overwhelmingly likely that many if not most of the documents marked as classified present no discernible national security risk and have been marked "classified" merely because they were obtained through Foreign Intelligence Surveillance Act (FISA) interceptions; counsel will therefore likely spend hundreds of hours of scarce CJA resources attempting to review documents and recordings in the SCIF, and determine how they fit within the case that could far more efficiently be reviewed using traditional means, with Mr. Khusanov's assistance. We respectfully request oral argument and a hearing upon the Government's motion, at which the Government will be required to affirm that it has reviewed each document it has marked "classified" and determined that the content of each merits that classification under the applicable rules, and that each such document is not duplicative of non-classified discovery in this or any other case.

---

[1]     Paragraph 16 of the proposed Protective Order provides:

> 16. Entry of this Order is without prejudice to an application by defense counsel, upon notice to the government, for a modification of this Order permitting the defense counsel to disclose to the defendant specific items of classified information with the written permission of government's counsel or with leave of this Court.

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. William F. Kuntz, II
July 3, 2018
Page-2-

Although I have not yet been permitted to review any of the classified discovery, on information and belief, it includes substantial documentation much of which is not in English, as well as numerous audio files, also not in English. Also, on information and belief as noted above, much, if not most, of the evidence marked "classified" was so marked simply because it was obtained pursuant to FISA, without regard to whether its review by Mr. Khusanov will jeopardize the security of the United States.

As a practical matter severing Mr. Khusanov from the classified evidence will preclude him from receiving my effective representation thereby denying Mr. Khusanov his Sixth Amendment rights. He will not be in a position to explain to me the meaning of the evidence, or suggest witnesses to enhance or rebut the evidence, or provide suggestions for further investigation, or otherwise provide critically important feedback.

It is not practical to expect me to run to the government and the Court every time I want to seek permission to discuss a particular piece of classified evidence with Mr. Khusanov, as permitted by ¶ 16 of the proposed Order. For one thing, I am in no position necessarily to know what evidence may be essential to the defense without discussing the evidence with Mr. Khusanov in the first instance. Additionally, any such motion, on notice to the government, would flag to the government the documents I find significant in violation of the work product privilege. Moreover, the proposed process of returning to the Court every time I want to review a document with my client will be prohibitively wasteful, burdensome and inefficient.

Although the government cites, in its June 29, 2018 letter motion (Doc 31), other cases in which protective orders have been issued preventing defendants from reviewing discovery, the government's list is incomplete; in another recent criminal prosecution in this courthouse in which I represented the lead defendant, *U.S. v. Fishenko,* 12-cr-6267 (SJ), an accommodation was made to permit the undersigned to review classified documents with Mr. Fishenko in a basement cell of the courthouse. While this was unwieldy, it at least provided some opportunity for attorney and client to review and discuss the classified material. The government has not suggested, other than in the most general terms, a reason why this practice could not be adopted here.

Additionally, my review of the "classified" evidence in *Fishenko* revealed not only that much of the evidence marked classified had <u>non-classified</u> <u>duplicates</u> that were separately seized but <u>not</u> marked "classified," but also that many of the documents that were uniquely marked "classified" had no apparent rationale for their "classified" status other than that they were obtained pursuant to FISA. Yet documents are properly classified as "secret" only where the material would cause "serious damage" to national security if it were publicly available. 18 CFR 3a.11(a)(2). Therefore, where, as here, the government relies on the classified status of documents to justify denying Mr. Khusanov the ability to view those documents the government should be required, *at the least*, to affirm that it has

LEVITT & KAIZER
ATTORNEYS AT LAW

Hon. William F. Kuntz, II
July 3, 2018
Page -3-

reviewed each document it has marked classified and that such classification was afforded only to those documents the release of which would cause "serious damage" to national security.

For these reasons the Court should deny the government's motion for entry of the proposed Protective Order, or in the alternative and at the least, grant oral argument and conduct a hearing at which, at the least, the government would be required to affirm that it has reviewed each document marked "certified" and that each such certification is made pursuant to a reasoned conclusion that its disclosure would cause serious damage to our national security interests, and that each document is not duplicative of other, non-classified discovery. If such affirmance is provided we nonetheless suggest that the Court follow the procedures adopted in *Fishenko* and permit counsel to review and discuss the classified material with Mr. Khusanov.

Respectfully,

Richard Levitt

cc:     AUSA David Kessler (via ECF)