1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2
    - - - - - - - - - - - - - - - -X
3   UNITED STATES OF AMERICA,      : 17-CR-475 (WFK)
                                   :
4            Plaintiff,            :
                                   : United States Courthouse
5         -against-               : Brooklyn, New York
                                   :
6   DILSHOD KHUSANOV,              :
                                   : Thursday, November 9, 2017
7            Defendant.            : 2:30 p.m.
    - - - - - - - - - - - - - - - -X
8

9


10          TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
            BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
11               UNITED STATES DISTRICT JUDGE

12
                    A P P E A R A N C E S:
13
    For the Government:        BRIDGET ROHDE, ESQ.
14                             Acting United States Attorney
                               Eastern District of New York
15                             271 Cadman Plaza East
                               Brooklyn, New York 11201
16                             BY:  DOUGLAS M. PRAVDA, ESQ.
                                    ALEXANDER A. SOLOMON, ESQ.
17                               Assistant United States Attorneys

18   For the Defendant:        LAW OFFICES OF LEVITT & KAISER
                               40 Fulton Street
19                             23rd Floor
                               New York, New York 10038
20                             BY:  RICHARD W. LEVITT, ESQ.

21

22   Court Reporter:          DAVID R. ROY, RPR
                              225 Cadman Plaza East
23                            Brooklyn, New York 11201
                              drroyofcr@gmail.com
24
    Proceedings recorded by Stenographic machine shorthand,
25   transcript produced by Computer-Assisted Transcription.

1          (In open court.)

2          THE COURTROOM DEPUTY:  All rise.  The Honorable

3     William F. Kuntz, II is now presiding.  Criminal cause for

4     arraignment, Docket Number 17-CR-475, USA versus Khusanov.

5          Counsel, please state your appearances for the

6     record, spell your names for the reporter, including the

7     pretrial officer.

8          MR. SOLOMON:  Good afternoon, Your Honor.  Alex

9     Solomon, A-L-E-X, S-O-L-O-M-O-N; and Doug Pravda, D-O-U-G,

10    P-R-A-V-D-A, for the Government.

11          Good afternoon.

12          THE COURT:  Good afternoon.  And with you at

13    counsel table is?

14          MR. SOLOMON:  Officer Andrew Abbott with

15    Pretrial Services, Your Honor.

16          THE COURT:  Would you spell your name, sir?

17          MR. ABBOTT:  Andrew, A-N-D-R-E-W; Abbott,

18    A-B-B-O-T-T.

19          THE COURT:  Good afternoon.  You may be seated,

20    and remain seated throughout the remainder of the hearing.

21    Thank you.

22          MR. LEVITT:  Yes, good afternoon, Your Honor.  For

23    Mr. Khusanov, K-H-U-S-A-N-O-V; Richard Levitt, L-E-V-I-T-T;

24    who is present to my right, Your Honor.

25          I am joined by a court interpreter, who will

1   introduce herself because I would mess the spelling up.

2          THE COURT:  Yes, I will have her spell her name,

3   please.

4          THE INTERPRETER:  Good afternoon, Your Honor.  I

5   am Margida Matyakubova, M-A-R-G-I-D-A; and last name is

6   Matyakubova, M-A-T-Y-A-K-U-B-O-V-A.

7          THE COURT:  Now, ma'am, I am going to ask you to

8   stand and raise your right hand and the court deputy will

9   swear you in as the interpreter today.

10         Go ahead.

11         (Interpreter sworn.)

12         THE COURT:  Thank you.

13         MR. LEVITT:  And, Your Honor, if I may?  The

14  defendant, in fact, does speak fluent English, but our

15  interpreter is here just in case he has a question.

16         THE COURT:  I understand that, sir, so thank you.

17         Please be seated and we will proceed.

18         Mr. Jackson, announced.  I will now arraign the

19  defendant, Mr. Dilshod Khusanov, on the indictment which was

20  filed in this case on August 29th of 2017.

21         Mr. Jackson, would you please have the defendant

22  stand, raise his right hand, and swear him in, please.

23  **D I L S H O D   K H U S A N O V**,

24         called as a witness having been

25         first duly sworn/affirmed, was examined and

1          testified as follows:

2          THE COURT:  Please be seated, sir.  Thank you.

3          Now, Mr. Khusanov, I am going to begin by asking

4  you a few questions about your background.

5          Would you please state your full name.

6          THE DEFENDANT:  Dilshod Khusanov.

7          THE COURT:  And please speak right into that

8  microphone that is in front of you.

9          Please state it again, sir.

10          THE DEFENDANT:  Dilshod Khusanov, D-I-L-S-H-O-D,

11  K-H-U-S-A-N-O-V.

12          THE COURT:  Thank you.

13          And do you go by any other names, sir?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  What is your birthday; how old are

16  you?

17          THE DEFENDANT:  I'm 32.

18          THE COURT:  And what was your exact date of birth?

19          THE DEFENDANT:  September 3rd, 1985.

20          THE COURT:  And where were you born, sir?

21          THE DEFENDANT:  Tashkent, Uzbekistan.

22          THE COURT:  Are you a citizen of the

23  United States?

24          THE DEFENDANT:  No, I'm not.

25          THE COURT:  Of what country are you a citizen?

1      THE DEFENDANT:  Uzbekistan.

2      THE COURT:  Will you please describe, beginning

3  with your grammar school, your first school, your

4  educational background?

5      MR. LEVITT:  Excuse me, Your Honor.  Most

6  respectfully, before we get so into his background, I would

7  like to have an opportunity to speak with him at the MDC and

8  go over everything with him.

9      THE COURT:  No.  We are just going to go through

10 basic pedigree, so most respectfully, your application is

11 denied.

12     MR. LEVITT:  Very well.

13     THE COURT:  Would you sit down, Counsel?  You can

14 use the microphone.  You do not have to stand to object.

15     Now, would you briefly describe your educational

16 background, beginning with grammar school, through where you

17 went to school, sir?  Tell me where you went to school and

18 how far along you got in each school.

19     THE DEFENDANT:  Well, I went to School Number 148

20 back in my country until --

21     THE COURT:  What city was that in?

22     THE DEFENDANT:  It was in the state of Tashkent.

23 It's the capital.

24     THE COURT:  Would you spell that for the reporter?

25     THE DEFENDANT:  T-A-S-H-K-E-N-T.

1          THE COURT:  Okay.  And after that, sir?

2          THE DEFENDANT:  And after that, high school.  I

3     went to the University of Foreign Languages for Bachelor's

4     Degree, and I have --

5          THE COURT:  Where is that located?

6          THE DEFENDANT:  The same state, in Tashkent.

7          THE COURT:  Okay.  And what degree did you

8     receive?

9          THE DEFENDANT:  Bachelor's -- BA, Bachelor of

10    Arts.

11         THE COURT:  And when did you receive that?

12         THE DEFENDANT:  2007.

13         THE COURT:  Okay.  Do you have any education after

14    that, sir?

15         THE DEFENDANT:  No, then I worked, started work.

16         THE COURT:  And what kind of work did you do when

17    you finished school, sir?

18         THE DEFENDANT:  I was in a -- on an exchange

19    program between South Korea and Uzbekistan.  It was a

20    medical school back in my country, and we had students keep

21    coming from South Korea to study in pediatrics institute,

22    and so I was part of the program.

23         THE COURT:  Was this a premedical school

24    program --

25         THE DEFENDANT:  It's not --

1          THE COURT:  -- that you attended?

2          THE DEFENDANT:  It's not a premedical.  We

3    actually worked with all of the institute, and they were

4    studying.  So I was part of the program, kind of an

5    interpreter.  And since I knew the Korean language, so I was

6    part of the program as interpreter and the coordinator kind

7    of.

8          THE COURT:  And what else did you do by way of

9    employment in addition to that, anything else?

10          THE DEFENDANT:  No.  Right after that -- and so

11    until I came here, I did that job.

12          THE COURT:  Who was your employer?

13          THE DEFENDANT:  Who was?

14          THE COURT:  Yes, who was your employer?  Who did

15    you work for when you were doing the program you just

16    described?

17          THE DEFENDANT:  So I had two.  I mean, the

18    institute of pediatrics in Tashkent.

19          THE COURT:  Right.

20          THE DEFENDANT:  And that exchange program.  I

21    forgot the name of that.  I can look it up later on.  I

22    mean...

23          THE COURT:  And when you came here, you said that

24    was in 2007; is that right?

25          THE DEFENDANT:  No, 2008.

1    THE COURT:  2008.

2    THE DEFENDANT:  Late 2008.

3    THE COURT:  And what did you do; did you work when

4  you came here?

5    THE DEFENDANT:  Well, I didn't work.  I went to --

6  I went to school.

7    THE COURT:  Where did you go to school?

8    THE DEFENDANT:  In Alabama.  In Alabama, Troy,

9  Alabama.  And I came back, transferred to New York.  Then

10  when I started in New York, I started improving my English a

11  little bit.

12    THE COURT:  Where did you study in Alabama?

13    THE DEFENDANT:  At Troy University.

14    THE COURT:  And what did you study there?

15    THE DEFENDANT:  Well, actually, I didn't study.  I

16  went there for orientation and when I went there, I

17  didn't -- I mean, the things turned out to be different, the

18  atmosphere and everything.  So I didn't -- I decided to move

19  to other school.

20    THE COURT:  And what other school did you decide

21  to move to?

22    THE DEFENDANT:  I came back to New York, and it

23  was Bluedata International School.

24    THE COURT:  What school?  I'm sorry.

25    THE DEFENDANT:  Bluedata International School.  It

1  was in Manhattan.

2  THE COURT:  And did you study there?

3  THE DEFENDANT:  Yeah.  It was just for English.

4  THE COURT:  And how long were you there, what

5  years?

6  THE DEFENDANT:  I don't know, exactly sure.  It

7  was a few -- I mean, a couple of years, maybe one or two

8  years.

9  THE COURT:  And what did you do after that?

10  THE DEFENDANT:  Then I -- I won the diversity visa

11  lottery.

12  THE COURT:  And what is the diversity visa

13  lottery?

14  THE DEFENDANT:  It's a green card.

15  THE COURT:  And what did you do after that?

16  THE DEFENDANT:  Then I started working.

17  THE COURT:  What kind of work?

18  THE DEFENDANT:  I worked as an assistant of the --

19  it was Hannah Foods Company, and I was assistant of the

20  regional manager.  We used to have a -- samples and

21  advertising in Costco Wholesale Markets, and we had -- we

22  hired employees in the -- inside of Costco to advertise our

23  products, and I was part of -- I mean, I was the assistant

24  of the regional manager, and we used to go to different

25  states and neighboring states on the East Coast.

1      THE COURT:  What year was that, or what years are
2 we talking about approximately?
3      THE DEFENDANT:  2010 and '11.
4      THE COURT:  What did you do after that?
5      THE DEFENDANT:  Then I went back to my country
6 for -- for like -- for the summer.  Then I came back, and I
7 worked in the taxi company for -- for a few months.  Then
8 after that, I -- I got my CDL license, and I --
9      THE COURT:  I'm sorry.  What license?
10      THE DEFENDANT:  CDL.  It's CDL, a commercial
11 driver license.  Then I started working as a truck driver.
12 And then I got -- then I become an owner/operator.  Then --
13 until I got -- until I got arrested.
14      THE COURT:  Now, sir, have you taken any drugs,
15 consumed any medicine, or taken any pills or consumed any
16 alcohol in the past 24 hours?
17      THE DEFENDANT:  Not at all.
18      THE COURT:  And do you understand what is
19 happening here today, sir?
20      THE DEFENDANT:  To some extent, yes.
21      THE COURT:  Defense Counsel, do you have any doubt
22 as to your client's competence to proceed at this time?
23      MR. LEVITT:  No, Your Honor.
24      THE COURT:  Prosecutor, do you have any doubt as
25 to the defendant's competence to proceed at this time?

1          MR. SOLOMON:  No, Your Honor.

2          THE COURT:  The Court hereby finds based on the

3   defendant's representations and the representations of all

4   counsel of record that the defendant is competent to

5   proceed.

6          Now, Mr. Khusanov, it is important for you to

7   understand these proceedings.  If for any reason you do not

8   understand something that is being said to you, please raise

9   your hand and I will repeat and restate whatever it is you

10  do not understand.

11         Do you understand that, sir?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Thank you.

14         Now, these proceeding are being recorded.  If I

15  ask you a question, it is important that you speak into the

16  microphone, which is right in front of you, and that you

17  answer each by saying "yes" or "no" or making whatever

18  response is appropriate to the question so that the record

19  will reflect your answer accurately.

20         Do you understand that, sir?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And one thing I will ask you to do is

23  take your hand away from your mouth, because that tends to

24  muffle the answer.

25         Now, the purpose of today's proceeding is to make

1   certain that you understand the nature of the charges that

2   have been brought against you by the United States of

3   America and to make sure that you understand that you have

4   certain constitutional rights under the Constitution and the

5   Laws of the United States of America.

6           First, you have a right to be represented by an

7   attorney at today's proceeding and at all future proceedings

8   before this Court.  Because the magistrate judge has

9   determined that you cannot afford an attorney, this Court

10  has appointed an attorney, Distinguished Counsel Mr. Richard

11  W. Levitt to represent you.  Your attorney is a member of

12  this court's Criminal Justice Act Panel.  In order to be a

13  member of that panel, an attorney must have substantial

14  federal criminal trial experience and be well regarded by

15  the judges of this court.  In general, your attorney's

16  clients pay him for his work.  But several days out of the

17  year, he agrees to take cases on assignment from this Court.

18  Mr. Levitt will represent you in today's proceedings and in

19  all future proceedings before this Court.  And I think that

20  he had an opportunity to meet with you briefly before we

21  started today.

22          Is that correct?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Now, secondly, sir, you have the right

25  to remain silent.  If you start to make a statement, you may

1  stop at any time.  Any statements that you make to anyone

2  other than your attorney may be used against you.

3          Mr. Khusanov, do you understand that you have the

4  right to counsel and the right to remain silent?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Now, Mr. Khusanov, you are here today

7  because a grand jury has returned an indictment, which was

8  filed on August 29th of 2017, charging you with the

9  following offenses:  Count 1, Conspiracy to provide material

10 support to a foreign terrorist organization in violation of

11 Title 18, United States Code, Sections 2339B(a)(1) and 3551,

12 *et sequentia;*

13         Count 2, Attempt to provide material support to a

14 foreign terrorist organization in violation of

15 18 United States Code, Sections 2339B(a)(1), 2 and 3551

16 *et sequentia.*

17         Mr. Khusanov, have you seen the indictment that

18 was filed against you in this case?

19         THE DEFENDANT:  Yes, I did.

20         THE COURT:  Have you had an opportunity to review

21 that indictment with your attorney?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Do you understand the charges that are

24 being made against you today, sir?

25         THE DEFENDANT:  Yes.

1          THE COURT:  Now, Defense Counsel, have you had the

2    opportunity to review the indictment that has been filed

3    against your client with him?

4          MR. LEVITT:  Yes, Your Honor.

5          THE COURT:  All right.  Do you have any concern

6    about whether or not he understands what the charges are

7    against him?

8          MR. LEVITT:  I do not.

9          THE COURT:  Do you believe that he understands the

10   charges against him?

11         MR. LEVITT:  I do.

12         THE COURT:  Have you advised your client of his

13   constitutional rights, sir?

14         MR. LEVITT:  Yes.

15         THE COURT:  Now, the Court has marked the

16   indictment as Court Exhibit 1 for identification.

17         May I have a motion to have the indictment, which

18   has been marked as Court 1, admitted into evidence?

19         MR. SOLOMON:  The Government so moves.

20         THE COURT:  Any objection?

21         MR. LEVITT:  No, Your Honor.

22         (Court's Exhibit Number 1 so marked and received

23   in evidence.)

24         THE COURT:  I will now read out loud the charges

25   listed in the indictment:

1          "The Grand Jury charges, Count 1, Conspiracy to

2     Provide Material Support to a Foreign Terrorist Organization.

3     (1)  In..." --

4          MR. LEVITT:  Your Honor, may we waive or did you

5     want to read it?

6          THE COURT:  No, I am going to read it.  It is very

7     short.

8          "Paragraph 1:  In or about and between August 2014

9     and February 2015, both dates being approximate and

10    inclusive, within the Eastern District of New York and

11    elsewhere, the Defendant Dilshod Khusanov, together with

12    others, did knowingly and intentionally conspire to provide

13    material support and resources, as defined in Title 18,

14    United States Code, Section 2339A(b), including services and

15    personnel, to one or more foreign terrorist organizations,

16    to wit:  The Islamic State of Iraq and al-Sham (hereinafter

17    "ISIS"), and al-Nusrah Front, which at all relevant times

18    had been designated by the Secretary of State as foreign

19    terrorist organizations, knowing that the organizations were

20    designated terrorist organizations and the organizations had

21    engaged in and were engaging in terrorist activity and

22    terrorism.

23          (Title 18, United States Code,

24    Sections 2339B(a)(1) and 3551 *et sequentia.*);

25          Count 2, Attempt to Provide Material Support to a

1    Foreign Terrorist Organization.  Paragraph 2.  In or about

2    and between August 2014 and 2015, both dates being

3    approximate and inclusive, within the Eastern District of

4    New York and elsewhere, the Defendant Dilshod Khusanov,

5    together with others, did knowingly and intentionally

6    attempt to provide material support and resources, as

7    defined in Title 18, United States Code, Section 2339A(b),

8    including services and personnel, to one or more foreign

9    terrorist organizations, to wit:  ISIS and al-Nusrah Front,

10   which at all relevant times had been designated by the

11   Secretary of State as foreign terrorist organizations,

12   knowing that the organizations were designated terrorist

13   organizations and the organizations had engaged in and were

14   engaging in terrorist activity and terrorism.

15            (Title 18, United States Code,

16   Sections 2339B(a)(1), 2 and 3551 *et sequentia*.)

17            A true bill voted by the Foreperson of the

18   Grand Jury and signed by Bridget M. Rohde, R-O-H-D-E, Acting

19   United States Attorney for the Eastern District of

20   New York."

21            Have I read that accurately, Counsel?

22            MR. SOLOMON:  Yes, Your Honor.

23            THE COURT:  Defense Counsel, have I read that

24   accurately?

25            MR. LEVITT:  Yes, Your Honor.

1  THE COURT:  Mr. Khusanov, are you ready to plead,

2  sir?

3  THE DEFENDANT:  Yes, sir.

4  THE COURT:  What is your plea to Count 1 of the

5  indictment, guilty or not guilty?

6  THE DEFENDANT:  Not guilty.

7  THE COURT:  What is your plea to Count 2 of the

8  indictment, guilty or not guilty?

9  THE DEFENDANT:  Not guilty.

10  THE COURT:  What is the Government's position on

11  the question of detention or bail as to Mr. Khusanov?

12  MR. SOLOMON:  Your Honor, the

13  Government believes that Mr. Khusanov should be detained

14  pretrial for several reasons.  First of all, the charges in

15  this case corollate with the presumption of detention, so

16  violations or alleged violations of 18 U.S.C. 2339B come

17  with a presumption of detention.

18  Secondly, this defendant has no ties to the local

19  community.  He's from Illinois.  While he is a green card

20  holder, he is not a U.S. citizen, and he would be deported

21  to Uzbekistan upon conviction in this case.

22  And finally, I point out that the charges here

23  would entail a guidelines range of -- or a suggested

24  guideline sentence of 30 years, which is a substantial

25  period of time, obviously.

1          THE COURT:  Is he considered a flight risk?

2          MR. SOLOMON:  We believe he would be considered a

3    flight risk.

4          THE COURT:  Why?

5          MR. SOLOMON:  On his lack of connection to the

6    local community.

7          THE COURT:  Is he considered a danger to the

8    community?

9          MR. SOLOMON:  We would consider him a danger to

10   the community as well based on the nature of the charges.

11   This group of -- this network helped send a number of

12   individuals to fight, wage violent jihad in Syria together

13   with either al-Nusrah Front or ISIS, which are both

14   designated foreign terrorist organizations, both of which

15   have committed countless atrocities.

16         THE COURT:  All right.

17         I will hear from Defense Counsel.

18         MR. LEVITT:  Thank you, Your Honor --

19         THE COURT:  Please remain seated, sir, please.

20         MR. LEVITT:  Oh, thank you.

21         THE COURT:  Just use the microphone.

22         MR. LEVITT:  Of course.  Thank you, Your Honor.

23         We will agree at this time to an order of

24   detention without prejudice, to return to the Court in the

25   future with a bail package.

1    THE COURT:  All right.  I am going to enter an

2  order of detention pending trial.  The Court specifically

3  finds --

4    Do you have a form, Mr. Jackson?

5    THE COURTROOM DEPUTY:  Yes, Judge.

6    I'll just drop that right in the middle.

7    THE COURT:  Thank you.

8    The Court specifically finds that the defendant

9  lacks substantial ties to the community.  The defendant is

10  not a U.S. citizen, although, he does hold a green card.

11  The defendant has no stable history of employment.  The

12  defendant presents no credible sureties as to his

13  appearance.  There is a serious risk that the defendant will

14  endanger the safety of another person or the community.

15  There is a serious flight risk or risk that the defendant

16  will not appear given the guidelines range and the other

17  statutory provisions, so I am entering the order of

18  detention pending trial, dating it today, November 9th of

19  2017 and having marked it as Court's Exhibit 2 for

20  identification.

21    May I have a motion to have Court's Exhibit 2

22  admitted into evidence, please.

23    MR. SOLOMON:  And the Government so moves,

24  Your Honor.

25    THE COURT:  Any objection?

1        MR. LEVITT:  No, Your Honor.

2        THE COURT:  It's admitted.

3        (Court's Exhibit Number 2 so marked and received

4   in evidence.)

5        THE COURTROOM DEPUTY:  Thank you, Judge.

6        THE COURT:  Now, Mr. Khusanov, under the

7   Speedy Trial Act the Government has 70 days from today's

8   date, the date you are arraigned in this indictment, to

9   bring this action to trial.  If the Government does not

10  bring this action to trial within 70 days of today, your

11  attorney could come to this Court to ask that the case

12  against you be dismissed.

13       Is there an application for a waiver of the

14  Speedy Trial Act?

15       MR. SOLOMON:  Yes.  The Government moves from

16  today's date until a date set in the future for the next

17  status conference on the basis of, I guess, interest of

18  justice primarily, Your Honor.  There's a substantial amount

19  of discovery which the Government will provide to Defense

20  and should afford Defense ample time to familiar himself

21  with the file.

22       THE COURT:  You are referring, of course, to

23  discovery materials be provided to the defendant pursuant to

24  Rule 16 --

25       MR. SOLOMON:  Yes, Your Honor.

1          THE COURT:  -- of the Federal Rules of Criminal

2   Procedure?

3          MR. SOLOMON:  Yes, Your Honor.

4          THE COURT:  All right.  I will hear from the

5   defendant with respect to the waiver of speedy trail.

6          Do you agree to the waiver of speedy trial in the

7   interest of justice?

8          MR. LEVITT:  Yes, Judge, until the next status

9   conference.

10          THE COURT:  Yes, until the next status conference.

11          All right.  Which brings us to the next question

12   of the next status conference.  And by the way just so that

13   we are clear on this, Mr. Khusanov, just so you understand:

14   The application means that that 70-day clock that I just

15   described will be stopped as of today until the next status

16   conference, at which time, unless there is an agreement that

17   the 70-day clock starts to run again, it will be stayed.

18          So do you understand what that means?  Have you

19   talked with your lawyer about that, or if not, he can

20   explain it to you now.

21          MR. LEVITT:  Sure.

22          THE COURT:  Okay.

23          (Pause in proceedings.)

24          MR. LEVITT:  Yes, Your Honor, I have explained it

25   to him.

1    THE COURT:  All right, thank you.

2    Do you accept that, sir?

3    THE DEFENDANT:  Yes, I do.

4    THE COURT:  And do you agree to it, sir?

5    THE DEFENDANT:  Yes, I do.

6    THE COURT:  All right.  Now, we have a form that

7 we ask the lawyers and the defendant to sign with respect to

8 the suspension of the speedy trial calculation in the

9 interest of justice.

10   Do you have that form, Mr. Jackson?

11   THE COURTROOM DEPUTY:  Yes, Judge.

12   THE COURT:  All right.

13   THE COURTROOM DEPUTY:  I do have it.

14   THE COURT:  All right.  That will be marked as

15 Court's Exhibit 3 for identification.  We ask that

16 Prosecution and Defense Counsel sign it, and the defendant

17 to sign it as well, if it is acceptable.

18   THE COURTROOM DEPUTY:  Judge, are we going to

19 establish a new status conference date before we sign it?

20   THE COURT:  Yes.

21   What date would Counsel like to have?

22   MR. LEVITT:  May I request a date sometime in,

23 perhaps, the latter part of December?

24   THE COURT:  Does it not make more sense to get

25 past the year end and push it into the early to mid-part of

1  January?  I am here, I have no life, but, you know, maybe

2  you do.  And it might be appropriate to push it into early

3  January.  It is really up to you, gentlemen.

4          MR. LEVITT:  One moment if I may, please?

5          THE COURT:  Of course.

6          (Pause in proceedings.)

7          MR. LEVITT:  Judge, early January is fine.

8          THE COURT:  All right.

9          Mr. Solomon, what dates would you suggest for the

10  early to mid-part of January?

11          MR. SOLOMON:  The Government is available whatever

12  date the Court chooses.

13          THE COURT:  All right.

14          Mr. Jackson, what availability do we have?

15          THE COURTROOM DEPUTY:  We have Friday, January the

16  5th, Judge.

17          THE COURT:  All right.

18          THE COURTROOM DEPUTY:  You only have one matter

19  scheduled for noon.

20          THE COURT:  All right.  Does Friday, January the

21  5th work for everyone or would you prefer the next week?

22          MR. LEVITT:  No, the 5th is fine, Your Honor.

23          THE COURT:  Okay.  The 5th.

24          And why don't we set this for -- does 11:00 a.m.

25  work for everyone?

1          MR. SOLOMON:  Yes, Your Honor.

2          THE COURT:  Does that work for you, Counsel, or

3   would you prefer 1 o'clock?

4          MR. LEVITT:  Yes, Your Honor.

5          THE COURT:  11:00 a.m.  All right.  We will

6   suspend time until Friday, January the 5th of 2018 at

7   11:00 a.m.

8          Mr. Jackson, would you present the form to Counsel

9   and the defendant for signature?

10         MR. SOLOMON:  Thank you.

11         THE COURTROOM DEPUTY:  You're welcome.

12         MR. LEVITT:  Thank you.

13         THE COURTROOM DEPUTY:  Judge, the order has been

14   signed.

15         THE COURT:  Thank you.

16         I have what has been marked as Court Exhibit 3 for

17   identification, the Waiver of Speedy Trial and Order of

18   Excludable Delay excluding time from today's date

19   November 9th, 2017 to and including January 5th of 2018 in

20   the interest of justice and signed by the Assistant

21   United States Attorney.  It is signed by the defendant in my

22   presence as well and by Defense Counsel.

23         Now I am signing it.

24         May I have a motion to have Court Exhibit 3

25   admitted into evidence?

1          MR. SOLOMON:  The Government so moves.

2          THE COURT:  Any objection?

3          MR. LEVITT:  No, Your Honor.

4          THE COURT:  It's admitted.  Thank you.

5          (Court's Exhibit Number 4 so marked and received

6    in evidence.)

7          THE COURT:  Here you are, Mr. Jackson.

8          All right.  Defense Counsel, is there anything

9    further you wish to say to the Court today at this time?

10          MR. LEVITT:  No, Judge.  Thank you.

11          THE COURT:  Thank you.

12          Mr. Prosecutor, is there anything further you wish

13    to say to the Court at this time?

14          MR. SOLOMON:  No.  Thank you.

15          THE COURT:  Thank you.  Then we are adjourned.

16          (Matter concluded.)

17                    I N D E X

18                    EXHIBITS

19    Court's Exhibit Number 1                    14

20    Court's Exhibit Number 2                    20

21    Court's Exhibit Number 4                    25

22

23    *I (we) certify that the foregoing is a correct transcript*
      *from the record of proceedings in the above-entitled matter.*

24

25          */s/ David R. Roy*              *6th Day of July, 2018*
            *DAVID R. ROY*                      *Date*