

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:DKK/JMH/JEA
F. #2017R01561

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 10, 2020

By ECF

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Dilshod Khusanov
               Criminal Docket No. 17-475 (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in response to the defense's letter dated September 8, 2020 (ECF No. 109, "the Letter"), in which the defense makes a number of requests concerning the above-referenced defendant's conditions of confinement at the Metropolitan Detention Center in Brooklyn ("MDC").  This letter summarizes the procedures in place, or soon to be in place, at MDC, based upon multiple discussions between the government and representatives of MDC since the last status conference in this matter.  The government respectfully submits that these procedures are sufficient to ensure that the defendant, with the assistance of counsel, can fully prepare for trial.[1]

      Specifically, MDC has resumed in-person legal visits as of the date of this letter, September 10, 2020, and several in-person legal visits have already occurred today.  Legal visits are available on a first-come, first-serve basis, and generally for a maximum of one hour.  MDC will, however, endeavor to accommodate longer visits upon request.  Cf. Letter 1.b, 1.j.  Such visits will not result in any quarantine for the defendant.  During legal visits, counsel will be able to review discovery and other legal materials with the defendant,

---

[1] As the Letter states, the parties have reached agreement on a pretrial schedule, and we expect to submit that to the Court for review and approval.  See Letter at § 2.

and may bring a laptop to MDC to facilitate that review.[2]  In addition, the defendant will continue to have unlimited access to hard-copy discovery in his unit, as well as access to computers available within his housing unit for the purpose of reviewing discovery for several hours every day.  Collectively, the resumption of in-person legal visits, the ability to review discovery materials during those visits, and the defendant's access to computers to review discovery within his unit, moot or significantly mitigate several of the defense's requests.

In light of the resumption of in person legal visits, the defense's other requests are unwarranted.  With respect to his request for a dedicated laptop, MDC is not able to permit the defendant access to a laptop within MDC, except as set forth in the paragraph above, because of security and logistical concerns.  Cf. Letter at 1.a., 1.e.  If helpful to the Court, the government can arrange for an ex parte submission to explain the security concerns related to providing the defendant with a dedicated laptop in his cell, and with allowing him to transport such a laptop to and from court.  Even without a dedicated laptop, the defendant has access to electronic discovery pursuant to existing MDC procedures, which permit many hours a week of review.

With respect to the defense's request for two COVID-19 tests a week, MDC is already conducting tests for COVID-19 among inmates in accordance with BOP policy and CDC guidance—e.g., when exhibiting symptoms of COVID-19, in the case of suspected exposure to an individual who is positive for COVID-19, or while otherwise on quarantine status.  Cf. Letter at 1.c.  With respect to the defense's concern that the defendant would be placed in the Special Housing unit in order to quarantine him while he prepares for trial, the resumption of in person legal visits and the existing COVID-19 protocols in place at MDC moot the need for this request.  Cf. Letter at 1.d.  Moreover, quarantined inmates are ordinarily housed in designated general population units.

Finally, the government notes that MDC expects to place in quarantine any inmate who exits the facility for any reason, including but not limited to trial, upon their return to MDC.  See Letter at 3.h.  In the event that the defendant is placed in quarantine status, however, it is the government's understanding that MDC will work to ensure the defendant's continued access to his attorneys and his discovery materials, and his continued access to consultations with his counsel.  See Letter at 1.j., 3.h.  The defendant can still be produced to and from court during trial, despite any quarantine status, even if the trial lasts several days.

---

[2] On September 9, 2020, the government provided defense counsel with additional information concerning the procedures MDC has recently put in place concerning legal visits.

Finally, the government does not agree that a trial is not possible until the requirements set forth in Section 3 of the defense letter are met, but the government respectfully submits that those issues are better addressed once a trial date is set and the protocols and procedures for conducting the trial are finalized.  See also EDNY Plan for Resumption of Jury Trials (available at https://www.nyed.uscourts.gov/covid-19).

For the foregoing reasons, the government respectfully submits that an order of the kind described by the defense in the Letter is unwarranted at this time.  The government thanks the Court for its consideration.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:   /s/
David K. Kessler
J. Matthew Haggans
Jonathan E. Algor
Assistant U.S. Attorney
(718) 254-7000

cc:   Clerk of Court (WFK) (By ECF)
    Richard Levitt & Deborah Colson (By ECF & Email)