DMP:DKK/JMH/JEA
F. #2014R01413

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA
                                       PLEA AGREEMENT

       - against -

                                    17 CR 475 (WFK)

DILSHOD KHUSANOV,

              Defendant.

– – – – – – – – – – – – – – – – – – X

           Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States Attorney's Office for the Eastern District of New York (the "Office") and DILSHOD

KHUSANOV (the "defendant") agree to the following:

           1.      The defendant will plead guilty to Count Two of the above-captioned

indictment (the "Indictment"), charging a violation of 18 U.S.C. § 2339B.  The count carries

the following statutory penalties:

          a.     Maximum term of imprisonment: 15 years
               (18 U.S.C. § 2339B(a)(1)).

          b.     Minimum term of imprisonment: 0 years
               (18 U.S.C. § 2339B(a)(1)).

          c.     Maximum supervised release term: life, to follow any term of
               imprisonment; if a condition of release is violated, the defendant
               may be sentenced to up to 2 years without credit for pre-release
               imprisonment or time previously served on post-release
               supervision
               (18 U.S.C. § 3583 (b) & (e)).

          d.     Maximum fine: $250,000
               (18 U.S.C. § 3571(b)(3)).



COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 17 CR 475
DATE: 10/18/21
PENGAD 800-631-6989

2

e.  Restitution: In an amount to be determined by the Court. (18 U.S.C. §§ 3663 and 3664).

f.  $100 special assessment (18 U.S.C. § 3013).

g.  Other penalties: removal, as set forth below in paragraphs 5 to 11.

2.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Office and the defendant agree that a specific sentence of 132 months' imprisonment and a supervised release term of life is the appropriate term of imprisonment and term of supervised release in this case. The defendant stipulates and agrees that the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") offense level is 37, based on the following calculation:

| | | |
|---|---|---|
| Base Offense Level (U.S.S.G. § 2M5.3(a)) | | 26 |
| Plus: | Provision of Material Support or Resources with the Intent, Knowledge or Reason to Believe They Were to Be Used To Commit or Assist in the Commission of a Violent Act (U.S.S.G. § 2M5.3(b)(1)(E)) | +2 |
| Plus: | Terrorism Enhancement (U.S.S.G. § 3A1.4(a)) | +12 |
| Minus: | Acceptance of Responsibility (U.S.S.G. § 3E1.1) | -3 |
| Total: | | 37 |

The defendant also stipulates and agrees that his criminal history category is VI based on the application of Guidelines Section 3A1.4(a), and that, because of the applicable statutory maximum sentence, the effective Guidelines range is 180 months imprisonment. The defendant waives any right to a jury trial or to a Fatico hearing. The agreed-upon terms of imprisonment and supervised release set forth in this paragraph are not based on the

Guidelines. In the event that the agreed-upon sentence is different than the Guidelines sentencing range calculated by the Court, the defendant and the Office consent to an adjustment under 18 U.S.C. § 3553(a) and the Office will inform the Court at the time of sentencing why the adjustment is justified. Other than as set forth above, the defendant agrees that no departure under the Guidelines or adjustment under 18 U.S.C. § 3553(a) is warranted in this case. If the Court rejects this plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the defendant and the Office shall be afforded the opportunity to withdraw or vacate the plea. If the Court declines to enter the order of judicial removal contemplated in paragraph 5, the Office also shall be afforded the opportunity to withdraw or vacate the plea. To the extent the Court imposes a fine or special conditions of supervised release, such components of the sentence are governed by 18 U.S.C. § 3553 and the Guidelines. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

3.      The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 132 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant

4

waives all defenses based on the statute of limitations and venue with respect to any

prosecution that is not time-barred on the date that this agreement is signed in the event that

(a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this

agreement, or (c) the defendant's plea is later withdrawn.  The defendant further waives the

right to raise on appeal or on collateral review any argument that (1) the statute to which the

defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall

within the scope of the statute.  Nothing in the foregoing waiver of appellate and collateral

review rights shall preclude the defendant from raising a claim of ineffective assistance of

counsel in an appropriate forum.  The defendant waives any right to additional disclosure

from the government in connection with the guilty plea.  The defendant agrees that with

respect to all charges referred to in paragraphs 1 and 4(a) he is not a "prevailing party"

within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file

any claim under that law.  The defendant agrees to pay the special assessment by check

payable to the Clerk of the Court at or before sentencing.  The defendant understands that he

may be subject to removal as set forth in paragraphs 5 through 11 below.  Nevertheless, the

defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at

the beginning of this paragraph, even if the consequence is the defendant's automatic

removal from the United States.

        4.      The Office agrees that no further criminal charges will be brought

against the defendant for providing, attempting to provide and conspiring to provide material

support to the Islamic State of Iraq and al-Sham and al-Nusrah Front between August 2014

and February 2015, as charged in the Indictment, it being understood that this agreement

5

does not bar the use of such conduct as a predicate act or as the basis for a sentencing

enhancement in a subsequent prosecution including, but not limited to, a prosecution

pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the

remaining count of the Indictment with prejudice.  Should it be judged by the Office that the

defendant has violated any provision of this agreement, the defendant will not be released

from his plea of guilty but this Office will be released from its obligations under this

agreement, including but not limited to the provisions of this paragraph.

     5.    The defendant agrees to the entry of a stipulated judicial order of

removal at the time of sentencing, pursuant to Title 8, United States Code, Sections

1228(c)(5) and 1227.  Specifically, the defendant admits that he is a native and citizen of

Uzbekistan and that he is removable from the United States pursuant to section 237(a)(4)(B)

of the Immigration and Nationality Act of 1952 ("INA"), as an alien described in INA

section 212(a)(3)(B)(i)(I), as amended, 8 U.S.C. Section 1182(a)(3)(B)(i)(I), as an alien who

has engaged in terrorist activity as defined in INA section 212(a)(3)(B)(iv)(VI)(cc), in that he

committed an act that he knew, or reasonably should have known, afforded material support

to a terrorist organization, to wit: the Islamic State of Iraq and al-Sham and al-Nusrah Front.

     6.    After consultation with counsel and understanding the legal

consequences of doing so, the defendant knowingly and voluntarily waives the right to the

notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further

waives any and all rights to appeal, reopen, reconsider, or otherwise challenge the stipulated

judicial order of removal which will be entered at time of sentencing.  The defendant

understands and knowingly waives his right to a hearing before an immigration judge or any

6

other authority under the INA, on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

7.     The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. Section 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this agreement to a stipulated judicial order of removal to be entered at the time of sentencing, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Uzbekistan on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in, Uzbekistan.

7

8.      The defendant agrees to accept a written order of removal at the time of his sentencing, as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

9.      The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. As a result of the above-referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, the defendant shall be removed to Uzbekistan.

10.     The defendant agrees to assist United States Immigration and Customs Enforcement ("ICE") in the execution of his removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

11.     The defendant concedes that the entry of a judicial order of removal at the time of his sentencing, renders him permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

8

12.     This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13.     Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.  Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties.  To become

effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
_____October 18_____, 2021

BREON PEACE
United States Attorney
Eastern District of New York

By: _____

David K. Kessler
J. Matthew Haggans
Jonathan E. Algor
Assistant United States Attorneys

Approved by: _____

Douglas M. Pravda
Supervising Assistant U.S. Attorney


I have read the entire agreement and discussed it with my attorney.  I understand all of its
terms and am entering into it knowingly and voluntarily.

_____

DILSHOD KHUSANOV
Defendant

Approved by:

_____

Richard Levitt, Esq.
Deborah Colson, Esq.
Counsel to Defendant

Translated by:

_____