```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,              :
                                       :
              v.                       :    MEMORANDUM & ORDER
                                       :    17-CR-475 (WFK)
DILSHOD KHUSANOV,                      :
                                       :
              Defendant.               :
-----------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 18, 2021, Dilshod Khusanov ("Defendant") pleaded guilty to Attempting to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See* October 18, 2021 Minute Entry, ECF No. 125; Plea Agreement, ECF No. 126. Under the agreement, Defendant and the Government agreed to a sentence of one hundred thirty-two (132) months of imprisonment and a supervised release term of life, as well as entry of a judicial order of removal. Plea Agreement ¶¶ 2, 5. The Court now accepts the parties' Rule 11(c)(1)(C) plea agreement and provides a complete statement of reasons. For the reasons stated below, Defendant is hereby sentenced to one hundred thirty-two (132) months of imprisonment followed by a lifetime term of supervised release. The Court also enters the judicial order of removal, and orders Defendant to pay the $100.00 mandatory special assessment.

## BACKGROUND

On August 29, 2017, a grand jury returned a two-count Indictment charging Defendant with (1) Conspiracy to Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1); and (2) Attempt to Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1). Indictment, ECF No. 1. Specifically, Defendant was charged with conspiring and attempting to provide financial support for individuals to travel to the Middle East to join the Islamic State of Iraq and al-Sham ("ISIS") and the al-Nusrah Front, which at all relevant times had been designated by the Secretary of State as foreign terrorist organizations.

1

On October 18, 2021, Defendant pleaded guilty to Count Two of the Indictment pursuant to a Rule 11(c)(1)(C) plea agreement. *See* October 18, 2021 Minute Entry; Plea Agreement. At the conclusion of the change of plea hearing, the Court accepted Defendant's plea of guilty and the Plea Agreement. *See* October 18, 2021 Minute Entry. Under paragraph two of the Plea Agreement, the Government and Defendant agreed to a sentence of one hundred thirty-two months of incarceration, followed by a lifetime term of supervised release. Plea Agreement ¶ 2. The Plea Agreement further states Defendant agrees to the entry of a stipulated judicial order of removal at the time of sentencing, pursuant to 8 U.S.C. §§ 1228(c)(5) and 1227. *Id.* ¶ 5.

## DISCUSSION

### I. Legal Standard

The parties have agreed that the specified imprisonment and supervised release terms are not based on the Sentencing Guidelines. Plea Agreement ¶ 2. The Court must, nevertheless, consider the Guidelines in deciding whether to accept the plea agreement. *See* United States Sentencing Guidelines ("U.S.S.G.") § 6B1.2.

Under U.S.S.G. § 6B1.2, the Court may accept an agreed-upon sentence under Federal Rule of Criminal Procedure 11(c)(1)(C) if "the agreed sentence is within the applicable guideline range." *Id.* § 6B1.2(c)(1). The Court may also accept the sentence if the agreed-upon sentence falls below the applicable guideline range and the Court provides "justifiable reasons" for the departure from the sentencing range and "set[s] forth [those reasons] with specificity in the statement of reasons form." *Id.* § 6B1.3(c)(2).

Once the Court accepts the plea agreement, the Court is bound to the specific sentence agreed upon by the parties in the plea agreement. Fed. R. Crim. P. 11(c)(1)(C) ("[A] recommendation or request binds the court once the court accepts the plea agreement[.]").

Rejection of the plea agreement or deviation from the agreed-upon sentence, however, permits Defendant to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(c)(5); U.S.S.G. § 6B1.3.

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007).

If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

Here, as explained below, the applicable Guidelines sentencing range for Defendant's offense is 180 months of imprisonment. The agreed-upon sentence of one hundred thirty-two months of incarceration falls outside this range. Therefore, Court now provides a statement of "justifiable reasons" and a "simple, fact-specific statement" explaining "why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, No. 8-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).

**II. Analysis**

***A. The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense***

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

1. Family and Personal Background

3

Defendant was born on September 3, 1985 in Tashkent, Uzbekistan to Takhir Khusanov and Valida Khusanov. *See* Presentence Investigation Report ("PSR") ¶ 43. Defendant's parents are retired and reside in Tashkent. *Id.* Defendant also has two sisters who reside in Tashkent, and with whom he reported close relationships. *Id.* ¶ 44. Defendant's father and sisters are unaware of his conviction. *Id.* ¶¶ 44, 45. His mother is aware of his conviction and remains supportive of him. *Id.* ¶ 43.

Defendant was raised by his parents in a middle-income household in Tashkent, Uzbekistan, and reported a normal childhood and a good relationship with his siblings and parents. *Id.* ¶ 45. Defendant reported no abuse in the household. *Id.*

In July 2013, Defendant married Aziza Erkinova in Kings County, New York. *Id.* ¶ 46. Defendant and Ms. Erkinova have three children, one of whom has autism spectrum disorder. *Id.* Ms. Erkinova currently resides in Florida and is unemployed. *Id.* She is aware of Defendant's conviction and remains supportive of him. *Id.*

Defendant moved from Tashkent, Uzbekistan, to Troy, Alabama in December 2008 on a student visa to attend school. *Id.* ¶ 48. He later moved to New York, New York, to live with friends and an aunt. *Id.* Defendant is a permanent United States resident. *Id.* Defendant returned to Uzbekistan for a short period in 2011 before returning to New York. *Id.* In May 2014, Defendant and his wife moved to Villa Park, Illinois, where he resided prior to his arrest for the instant offense. *Id.*

2. Educational and Employment History

In 2008, Defendant graduated from the Tashkent State University of World Languages with a degree in world languages. *Id.* ¶ 57. In January 2009, Defendant was enrolled in a Master of Business Administration program for a few weeks at Troy University in Troy, Alabama, but

left the program due to the language barrier. *Id.* ¶ 56. From 2009 to 2010, Defendant completed an English language program at Bluedata International Institute in New York, New York. *Id.* ¶ 55.

From August 2015 until his arrest for the instant office in August 2017, Defendant was employed driving trucks for SDE Logistics. *Id.* ¶ 59. From May 2014 until his arrest in August 2017, Defendant also owned and operated True Men Incorporated, a truck driving business based out of Brooklyn, New York. *Id.* ¶ 60. Between March 2012 and July 2015, Defendant was employed as a truck driver for various companies, including En Route Trucking, LLC, A&B Global Logistics, V&S Trucking, Inc., Multi Group Logistics, and Arizona Star Trucking, LLC. *Id.* ¶¶ 61–65. From October 2011 to March 2012, Defendant drove taxicabs and for access-a-ride throughout New York City. *Id.* ¶ 66. From September 2010 to June 2011, Defendant was employed as an assistant to a regional manager at Hannah Foods, in New York. *Id.* ¶ 68. Between December 2008 and September 2010, Defendant was enrolled in various school programs, and held jobs at moving companies, warehouses, organizing truck orders, and hotels, to provide supplemental income. *Id.* ¶ 69. From September 2007 to December 2008, Defendant was employed as a translator and coordinator at a Korean/Uzbekistani program at a pediatric school in Uzbekistan. *Id.* ¶ 70.

3. Prior Convictions

Defendant has no prior convictions.

4. Medical and Mental Health

In 2019, Defendant suffered a knee injury while in custody and reported the inability to fully extend his knee. *Id.* ¶ 51. Defendant's knee injury led to a cyst abscess on his right knee in

November 2021. *Id.* Defendant has also experienced dental issues while in custody and has had several teeth pulled. *Id.* Defendant has no history of any mental or emotional health issues.

5. Substance Abuse

Defendant has no history of substance use or alcohol abuse. *Id.* ¶ 54.

6. Nature and Circumstances of the Offense

The investigation in this case began in August 2014, when agents with the Federal Bureau of Investigation ("FBI") Joint Terrorism Task Force interviewed Abdurasul Juraboev, a defendant in the related case of *United States v. Juraboev et al.*, 15-CR-95, following the agents' discovery of a social media post pledging support for the Islamic State of Iraq and al-Sham ("ISIS"). Presentence Investigation Report ("PSR") ¶ 6, ECF No. 129. The investigation revealed that Juraboev and another defendant in *United States v. Juraboev et al.*, 15-CR-95, Akhror Saidakhmetov, discussed engaging in terrorist acts in the United States and traveling to Syria to fight with ISIS. *Id.* ¶ 7. The investigation also revealed the involvement of a third defendant in *United States v. Juraboev et al.*, 15-CR-95, Abror Habibov, who employed Saidakhmetov, helped to purchase and plan Saidakhmetov's plane ticket to Turkey and subsequent travel to Syria, and worked with two other defendants in *United States v. Juraboev et al.*, 15-CR-95, Dilkhayot Kasimov and Akmal Zakirov, to raise money for Saidakhmetov's actions in Syria. *Id.* ¶¶ 10–12. Throughout late 2014 and early 2015, Juraboev and Saidakhmetov communicated with ISIS representatives and, with the assistance of Habibov, planned to travel to Syria to fight with ISIS. *Id.* ¶¶ 10–14.

The FBI Joint Terrorist Task Force investigation revealed the Defendant worked with others to fund Saidahkmetov's efforts to travel to Syria to join ISIS and to raise money from others intended to be used for other individuals to fight on behalf of ISIS in Syria. *Id.* ¶ 9.

6

Toll records reveal Defendant was in contact with Zakirov and others to discuss providing money and assisting in raising money from others to fund Saidakhmetov's travel. *Id.* ¶¶ 14–15. On February 17, 2015, Defendant transferred $100.00 from his bank account to Zakirov. *Id.* ¶ 15. Defendant facilitated the donation of funds in support of Saidakhmetov's travel from two additional individuals. *Id.*

Following the February 2015 arrests of Saidakhmetov and Habibov, intercepted communications revealed Defendant had discussed manufacturing a cover story in the event of any confrontation with law enforcement authorities. *Id.* ¶ 19. Defendant also changed his phone number the day after the arrests, and subsequently informed law enforcement he had stopped using the telephone number after the arrests because he "did not know what they were doing." *Id.* Defendant was arrested on August 31, 2017 at his residence in Illinois. *Id.* ¶ 21.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved support for a designated foreign terrorist organization and implicates national security concerns. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his offense.

### C. The Kinds of Sentences Available

7

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Attempt to Provide Material Support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1). For this offense, Defendant faces a maximum term of imprisonment of fifteen years, the maximum term applicable at the time of Defendant's conduct. 18 U.S.C. § 2339B(a)(1). Pursuant to 18 U.S.C. §§ 3583(b)(2) and 3583(j), the Court may impose a term of supervised release of any years or of life.

A term of not less than one nor more than five years of probation may be imposed, because the offense is a Class C felony. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of probation unless the Court finds that extraordinary circumstances exist that would make such a condition plainly unreasonable. 18 U.S.C. § 3563(a)(2).

Defendant also faces a maximum fine of $250,000.00 under 18 U.S.C. § 3571(b). Probation notes Defendant does not appear to be able to pay a fine. PSR ¶ 73.

### D. *The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense*

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable guideline for 18 U.S.C. § 2339B(a)(l) offenses is United States Sentencing Guideline § 2M5.3(a), which provides for a base offense level of 26.

Because the instant offense involved the provision of material support with the intent, knowledge, or reason to believe such support would be used to commit or to assist in the

8

commission of a violent act, a two-level increase is warranted pursuant to U.S.S.G. § 2M5.3(b)(1)(E).

As the instant offense is a felony that involved, or was intended to promote, a federal crime of terrorism, a 12-level increase is applicable, pursuant to U.S.S.G. § 3A1.4. By reference in the § 3A1.4 application notes to 18 U.S.C. § 2332b(g)(5), a "federal crime of terrorism" is defined as an offense that "(A) is calculated to influence or to affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of . . . [18 U.S.C. §] 2339B (relating to providing material support to terrorist organizations) . . . ."

A two-level reduction is warranted pursuant to U.S.S.G. § 3E1.1 because Defendant has clearly demonstrated acceptance of responsibility for the offense. A further one-level reduction applies, because Defendant notified the Government in a timely manner of his intention to enter a plea of guilty. Therefore, Defendant's total adjusted offense level is 37.

Defendant has no prior convictions, which results in a criminal history score of zero. According to the sentencing table at U.S.S.G. Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I. However, pursuant to U.S.S.G. § 3A1.4(b), the criminal history category in this case is VI because the instant offense involved, or was intended to promote, a federal crime of terrorism.

An offense level of 37 and a criminal history category of VI results in a Guidelines custody range of 360 months to life. However, because the statutorily authorized maximum sentence is less than the maximum of the applicable guideline range, the restricted guideline range is 180 months. USSG § 5G1.1(a).

Probation recommends a sentence of 180 months of incarceration followed by two years of supervised release with special conditions. The Government recommends the Court impose

9

the sentence agreed upon in Defendant's Rule 11(c)(1)(C) plea agreement, which is 132 months of incarceration followed by lifetime supervised release. Defense counsel asks the Court to suggest to the Government that it agree to a lower sentence and that a lower sentence be imposed. The Court declines to make that suggestion. Federal Rule of Criminal Procedure 11(c) precludes court involvement in plea negotiations.

### E. *Pertinent Policy Statement(s) of the Sentencing Commission*

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply here with respect to Defendant's criminal conduct.

### F. *The Need to Avoid Unwarranted Sentence Disparities*

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

This case arises from the same factual circumstances as those of a related case, *United States v. Juraboev et al.*, 19-CR-95. In that action, Defendant Abdurasul Hasanovich Juraboev pleaded guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) and was sentenced by this Court on October 27, 2017 to 180 months of incarceration, with no term of supervision to follow. Defendant Akhror Saidakhmetov pleaded guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) and was sentenced by this Court on December 20, 2017 to 180 months of incarceration, with no term of supervision to follow. Defendant Azizjon Rakhmatov pleaded guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18

10

U.S.C. § 2339B(a)(1) and was sentenced by this Court on January 14, 2021 to 150 months of incarceration, followed by a lifetime term of supervised release with special conditions. Defendant Dilkhayot Kasimov was convicted by a jury of Counts One and Two of the Third Superseding Indictment, charging him with conspiracy and attempt to provide material support to a foreign terrorist organization. Defendant Kasimov was sentenced by this Court on June 3, 2022 to 180 months of incarceration and 10 years of supervised release with special conditions. On March 16, 2018, Defendant Akmal Zakirov pleaded guilty to Conspiracy to Provide Material Support to a Foreign Terrorist Organization and Attempt to Provide Material Support to a Foreign Terrorist Organization, both in violation of 18 U.S.C. § 2339B(a)(1), and was sentenced by this Court on July 26, 2022 to time served (approximately 102 months of incarceration) followed by two years of supervised release with special conditions. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. *The Need to Provide Restitution*

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This factor does not apply here.

### CONCLUSION

The Court hereby ACCEPTS the parties' Rule 11(c)(1)(C) plea agreement and sentences Defendant to one hundred thirty-two months of imprisonment, followed by lifetime supervised release. The Court also orders removal pursuant to the proposed order submitted by the parties and signed at the sentencing hearing. Finally, Court orders Defendant to pay the $100

11

mandatory special assessment, but does not impose a fine because the Defendant does not have the ability to pay.

This sentence is consistent with and is sufficient but not greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report and any addenda thereto, barring any errors contained therein and to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2022
Brooklyn, New York